IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GUADALUPE NAVARRO | ' |
| | ' |
| | ' |
| | ' CIVIL ACTION NO. 1:17-cv-201 |
| | ' |
| VALLEY GRANDE, SSC, LLC, d/b/a | ' |
| SCC at Valley Grande, | ' |
| VALLEY GRANDE MANOR, INC. and | ' |
| HCSG STAFF LEASING SOLUTIONS, | ' |
| LLC, d/b/a HEALTHCARE SERVICES | ' |
| GROUP, INC. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GUADALUPE NAVARRO, hereinafter referred to as "Plaintiff," or "Ms. Navarro," complaining of Defendants VALLEY GRANDE MANOR, INC., VALLEY GRANDE, SSC, LLC., d/b/a SCC at Valley Grande (herein after jointly and individually referred to as "Valley Manor,") and HCSG STAFF LEASING SOLUTIONS, LLC d/b/a HEALTHCARE SERVICES GROUP, INC. (herein after individual referred to as "HCS"), hereinafter collective referred to as "Defendants." For cause of action, Plaintiff respectfully shows unto the Court the following:

## I.

## PARTIES

1.      Plaintiff **GUADALUPE NAVARRO** is a natural person who resides in Brownsville in the State of Texas, within the Southern

1

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

District of Texas.

2. **VALLEY GRANDE MANOR, INC**., is a domestic for-profit Corporation doing business in Weslaco, Texas, which is in the Southern District of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served by serving its Registered Agent, Breck Harrison, at 100 Congress Avenue, Suite 1100, Austin, Texas 78701. A request for waiver will first be sent before a summons is requested to be issued.

3. **VALLEY GRANDE MANOR, SCC, LLC, d/b/a SCC at VALLEY GRANDE**, is a limited liability company doing business in the Southern District of Texas, Brownsville Division. Defendant has its principal place of business in the State of Texas. Defendant may be served by serving its Registered Agent, Amarillo Corporate Services, LLC, at 500 S. Taylor, Suite 1100 LB 219, Amarillo, TX 79101. A request for waiver will first be sent before a summons is requested to be issued.

4. **Defendant HCSG STAFF LEASING SOLUTIONS, LLC, d/b/a HEALTHCARE SERVICES GROUP, INC**., is a foreign Limited Liability Company doing business in the Southern District of Texas. Defendant may be served by serving its Registered Agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at

2

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

211 E. 7ᵀᴴ Street, Suite 620, Austin, Texas 78701-3218.  A request for waiver will first be sent before a summons is requested to be issued.

## II.

### 5.JURISDICTION AND VENUE

6. Plaintiff's claims arise under federal statute and state law.  This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law, the Fair Labor Standards Act (FLSA) and the Americans with Disabilities Act of 1990 (ADA), as Amended, and the Age Discrimination in Employment Act of 1967 (ADEA), as Amended.

7. This Court has jurisdiction to hear the merits of Plaintiff's claims due to the federal question raised pursuant to the federal statutes cited above.

8. Venue is proper in the Southern District of Texas, because the events or omissions forming the basis of the suit occurred in this District. Venue is proper in this Court in that the Defendant conducts business in the division.

9. As of the time of filing, damages are within the jurisdictional limits of the court.

## III.

### MISNOMER/MISIDENTIFICATION

10.     In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named

3

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.

## RESPONDEAT SUPERIOR

11. Employees involved in this cause of action were, at all times described herein, employees and vice-principals of Defendant and were at all times acting in the course and scope of that employment.   Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

## V.

## FACTUAL BACKGROUND

12. It is against federal and state law for employers to force employees to work overtime hours off the clock without paying the employees the money owed.  It is further against the law and HCS and Valley Manor policy to allow managers to continually discriminate against and harass an employee based on age or disability.  Valley Manor and HSC failed to act upon complaints of discrimination and harassment for over a year leaving Ms. Navarro no choice but to be constructive discharged.  Both HCS and Valley Manor failed to pay Ms. Navarro her overtime hours and District Manager Serrata even threatened violence when she complained of the failure to pay her.

13. Ms. Guadalupe Navarro is a 57 year old disabled former employee of

4

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

HCS and Valley Manor who suffers from hypertension and depression.

14. Ms. Guadalupe has been a faithful employee of Valley Manor for 36 years. She was employed as Housekeeper and Laundry Supervisor making $13.00 an hour.

15. On or around August 1, 2015, Ms. Navarro completed contract work for HCS. Navarro continued to work in her capacity as a Housekeeper and Laundry Supervisor. Ms. Navarro was supervised by District Manager Alfredo Serrata.

16. Soon after District Manager Serrata started, Ms. Navarro filed a written complaint with Serrata's boss at HSC, Chris Brown, complaining of Serrata's behavior, commentary, and treatment. Ms. Navarro never received a response. However, an Admissions Coordinator Amy Valdez wrote a statement on behalf of Ms. Navarro witnessing the mistreatment of Navarro.

17. District Manager Serrata repeatedly made comments about Ms. Navarro's age on a weekly and daily basis. Ms. Navarro was told because she had been working for Valley Manor for so long Serrata was going to get her a room to stay in the nursing home to live. District Manager Serrata questioned Ms. Navarro's age, including her ability to do her job because of it, and then told her he would just look it up. Ms. Navarro was told she was to old and needed to quit. These statements were made in front of Ms. Navarro's co-workers.

5

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

18. District Manager Serrata also used vulgar language on a daily basis when talking to Ms. Navarro. Serrata told Ms. Navarro her "building looks like shit and you don't do shit around here." These statements were made after Ms. Navarro had received a stellar review from a walk through by the Administrator. District Manager Serrata further stated to Ms. Navarro "ya caca" when she attempted to talk with him. Serrata constantly said "fuck you, " "go fuck yourself," "fuck off," and also gave the middle finger to Ms. Navarro when she tried to discuss work, herself, or co-workers. Mr. Serrata also told Ms. Navarro she dressed like shit and like an old hag, making such offensive comments in front of employees, other staff members, and former Administrator Martin Casas. District Manager Serrata even threatened to hit and punch Ms. Navarro if she did not shut up. He made the threats while pulling his arm back to swing a punch at Ms. Navarro. Serrata frequently threatened violence toward Ms. Navarro when near her. Serrata also made comments about how old and feeble he thought Ms. Navarro was, so it wouldn't take more than a couple hits to keep her in line.

19. Because of the harassment and discrimination, Ms. Navarro's blood pressure rose to dangerous levels and she began to suffer from hypertension. Ms. Navarro's further suffered from depression and loss of enjoyment of life, even fearing coming into work every day. A medication aide working for either Valley Manor would frequently check

6

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

Ms. Navarro's blood pressure and voice her concern of the levels. When Ms. Navarro would feel dizzy and tell District Manager Serrata she felt ill because of her blood pressure, Serrata told Navarro to shut the fuck up because she wasn't going anywhere.

20. After months of enduring discrimination and harassment, Ms. Navarro filed another complaint, this time with Interim Administrator Chris Anderson and Interim Director of Nursing "Betty." Betty and Chris Anderson called District Manager Serrata's supervisor about the incident. Ms. Navarro also complained that she felt sick and was worried about how bad her blood pressure had gotten. Unfortunately, the discrimination, harassment, and retaliation continued and increase.

21. On or around February 14, 2017, Ms. Navarro made a complaint to Human Resources about Serrata's discrimination and harassment. Human resources represented that they would follow up with Ms. Navarro but never did during her employment.

22. On or around March 10, 2017, Ms. Navarro was constructively discharged after 36 years as a faithful employee without incident.

23. During her employment with Valley Manor and HSC, Ms. Navarro worked an average of 14 to 16 hours a day. Ms. Navarro had previously been salary and never clocked in or out. When Ms. Navarro was moved to hourly, she was required to punch in and punch out. However, she was

7

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

required to work before clocking in and after clocking out. Regardless of the number of hours she worked every day, she would only get paid for 9 hours of work at $13.00 an hour.

24. When Navarro complained that she was not getting paid all her overtime to District Manager Serrata, he told her that was the new policy. Then District Manager Serrata would threaten to write her up and fire her for failing to punch out, but would continue to force her to work hours while not clocked in, even threatening violence and to punch her if she did not.

25. At the time of her constructive discharge, Ms. Navarro made $13.00 an hour and worked 14 to 15 hours a day, Monday through Friday, although she was only paid for 9 hours a day. Ms. Navarro occasionally worked weekends. Ms. Navarro was entitled to a time and a half her hourly rate, or $19.50, for all hours she worked over 40 in a week pursuant to the Fair Labor Standards Act. Plaintiff estimates she worked at least 75 hours a week.

26. The FLSA requires employers to pay hourly employees an overtime premium of "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The "regular rate" is the employee's compensation stated on an hourly basis. 29 C.F.R. § 778.109; *Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 579–80 (1942). The Defendant's failure to pay overtime and/or forcing Plaintiff to work any off the clock hours violated the Fair Labor Standards Act of 1938 as

8

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

currently amended and codified at 29 U.S.C. §201 *et seq.* (FLSA). Therefore, Plaintiff is entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate.

27. The company willfully refused to pay her overtime, even after authorizing overtime payments, and later Defendant explicitly told her that she should not document overtime hours worked.  Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to up to three years of accrued, unpaid overtime pay.  Plaintiff is further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendant's failure to take reasonable steps to comply with the FLSA.  Plaintiff is also entitled to recover attorneys' fees under the statute.

VI.

RETALIATORY DISCHARGE & DISCRIMINATORY ACTS

28. In addition to claims for violations of the FLSA with regard to unpaid time and overtime, Plaintiff alleges retaliation under the FLSA.  Plaintiff alleges that she was threatened with physical violence if she did not work off the clock after Plaintiff had complained to Defendant of the wage and hour law violations under the FLSA that are the subject of this lawsuit. Consequently, Defendant has engaged in discriminatory conduct and retaliatory acts that are expressly prohibited by FLSA §215(a)(3).

9

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

29.VII.

## DISABILITY DISCRIMINATION AND RETALIATION UNDER THE TEXAS LABOR CODE AND THE AMERICAN WITH DISABILITIES ACT, AS AMENDED

30. The evidence will show that:

   a. Plaintiff was disabled (actually disabled and/or "regarded as" disabled due to her hypertension);

   b. Plaintiff was qualified for the position;

   c. Plaintiff suffered an adverse employment action in that she was forced to work without pay, had job duties removed, and was constructively discharged from her employment with Defendant; and

   d. The circumstances arising out of Plaintiff's wrongful discharge raise an inference of disability discrimination.

31. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

32. Additionally, Defendant did not engage in the interactive process and failed to accommodate Ms. Navarro. Plaintiff is a qualified individual with a disability, her consequential limitation were known by her employer, and the employer failed to make reasonable accommodations for these limitations. Nothing in her requested accommodation would cause an undue hardship on Defendant.

33.**VIII.**

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

**DISCRIMINATION AND RETALIATION BASED ON AGE UNDER TEX. LABOR CODE 21.051, *et seq*. AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED**

34. Plaintiff re-alleges and incorporates her allegations as if fully restated herein.

35. Prior to her constructive discharge, Plaintiff had faithfully served Defendant in her capacity as an employee and faithfully performed all duties expected of her.  The acts committed by the agents, servants and/or employees of the Defendant in discriminating against and the constructive discharge of  Plaintiff based on her age all constitute violations of Tex. Labor Code ' 21.051, et seq., including " 21.051, 21.101, 21.125, and any other applicable provisions.  Moreover, the termination of Plaintiff was retaliation because of her complaint and opposition to discrimination based on age.

36. Defendant's actions as described herein constitute unlawful discrimination, retaliation and the constructive discharge based on the Plaintiff's exercise of protected rights under the Age Discrimination in Employment Act, 29 USC §§621-634.

37. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore entitled to compensatory damages, as provided by the ADEA.

38. After Plaintiff suffered ageist remarks from her manager toward herself

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

and threats of violence, her job duties being removed, and being demotes, she complained to HR. HR did not address her concerns and she was constructively discharged.

39. As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, past and future, and lost employment benefits.

## 40.**IX.**

### 41.**ADMINISTRATIVE FILINGS**

42. Plaintiff filed her original verified complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission dually, alleging that the Defendant had committed and unlawful employment action against Plaintiff.

43. Thereafter, Plaintiff received a ANotice of Suit@ from the EEOC, giving Plaintiff notice of her right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A"**. Plaintiff has timely filed this Plaintiff's Original Petition.

## 44. **X.**

### **ATTORNEY'S FEES**

45. It was necessary for Plaintiff to retain the services of the undersigned attorney to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action as authorized under the FLSA and/or the Texas

12

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

Labor Code.

## XI.

## DAMAGES

33.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.    Overtime pay, time and one half pay, for all hours worked while employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day;

b.    All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

c.    Back pay from the date that Plaintiff was constructively discharged and interest on the back pay in an amount sufficient to compensate Plaintiff as the Court deems equitable and just and liquidated damages as provided under the statute;

d.    All reasonable and necessary costs incurred in pursuit of this suit;

e.    Expert fees as the Court deems appropriate;

f.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g.    Pre and Post judgment interest as allowed by law and punitive damages;

h.    Mental anguish in the past;

i.    Mental anguish in the future;

j.    Loss of benefits, promotional opportunities, and job status; and

k.    Any liquidated damages she is entitled to under the FLSA.

## XII.

13

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendant, for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief to which Plaintiff may be justly entitled.

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*

**Respectfully Submitted,**

**BY:** */s/ Thomas N. Cammack, III*

**Adam Poncio**
**Southern ID No. 194847**
**State Bar No. 16109800**
**salaw@msn.com**
**Thomas N. Cammack, III**
**Southern ID No. 2433512**
**State Bar No. 24073762**
**tcammack@ponciolaw.com**
**Alan Braun**
**Southern ID No. 1428056**
**State Bar No. 24054488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 310**
**San Antonio, Texas  78229**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

15

Pl's Original Complaint
*Guadalupe Navarro v. Valley Grande Manor and HCS Group*